**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Chip RASOR, Defendant–Appellant.**

**No. 02–1244.**

United States Court of Appeals, Sixth Circuit.

June 17, 2003.

Before: MOORE and GIBBONS, Circuit Judges; and SCHWARZER, District Judge.*

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

## ORDER

Chip Rasor, a federal prisoner, appeals the sentence imposed upon his conviction for bank fraud, in violation of 18 U.S.C. § 1344. The parties have expressly waived oral argument, and upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On July 17, 2001, Rasor was charged by information with bank fraud. Rasor had provided false information on a loan application to obtain $150,000 to purchase a Rolls Royce. On August 17, 2001, Rasor pleaded guilty pursuant to a written plea agreement which permitted the court to include other incidents of fraudulent conduct as relevant conduct, capped the prison sentence at 42 months, and gave the government the discretion to move for a downward departure based on substantial assistance. The district court accepted the plea, but took the plea agreement under advisement. At sentencing, the government moved for a downward departure and Rasor's counsel voiced his support for the motion. The district court, however, rejected the plea agreement, declined to depart downward, and sentenced Rasor to 56 months in prison, 5 years of supervised release, a special assessment of $100, and restitution in the amount of $1,230,170.86.

In his timely appeal, Rasor contends that the district court erred in failing to reduce his offense level based on substantial assistance. He relies on *United States v. Truman*, 304 F.3d 586 (6th Cir.2002), to argue that a defendant's assistance need not result in the arrest or prosecution of others before the district court can grant a motion for a downward departure for substantial assistance.

This court has consistently held that "a district court's discretionary refusal to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Henderson*, 209 F.3d 614, 617–18 (6th Cir.2000). "Where the district court's sentencing decision evinces a purposeful decision not to depart downward, however, it is not appealable." *United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.1998). The district court need not explicitly state that it is aware of its discretionary authority to depart downward; the record need only make clear the court's awareness of its discretion. *Id.; see also United States v. Owusu*, 199 F.3d 329, 349 (6th Cir.2000).

In the instant case, the district court's denial of the downward departure motion was a purposeful decision made with full awareness of its discretion. In denying the motion, the district court remarked:

> Much of what was stated on this record pertains to the substantial cooperation that was given by Mr. Rasor to law enforcement in the investigation of his own activities. That he was candid, that he was forthright, all of those things pertain to the information that he provided that allowed the Government to sort out a very complicated and enduring fraud scheme that Mr. Rasor had put into place and that involved only his activities. He has been given credit for acceptance of responsibility and the Application Notes to 5K1.1 make clear that substantial assistance to authorities is not to be confused with acceptance of responsibility on the part of the Defendant for his own activity.

Furthermore, Rasor's reliance on *Truman* is misplaced. *Truman* concerned a USSG § 5K2.0 motion for a downward departure made by the defendant on the basis that his substantial cooperation had assisted his former employer in upgrading its security procedures. 304 F.3d at 588. Although the district court commented

that Truman's help had been substantial, the district court denied the motion, stating that it lacked the discretion to consider a substantial assistance motion made by the defendant, rather than the government. *Id.* Upon review, this court first acknowledged that a USSG § 5K1.1 motion may only be made by the government and that the information provided must lead to the criminal prosecution or investigation of another. *Id.* at 590–91. The court then held that a defendant nonetheless could bring a § 5K2.0 motion based on substantial assistance where the information was helpful outside of the context of a criminal prosecution or investigation. *Id.* at 591. The action was remanded so that the district court could determine in the first instance whether the defendant's assistance went beyond the garden variety acceptance of responsibility and was present to an exceptional degree which warranted a downward departure. *Id.* at 592. In the instant case, Rasor's counsel did not make a § 5K2.0 motion and the district court did not indicate that Rasor's assistance was helpful outside of the context of a criminal prosecution or investigation or that it felt restrained from departing downward. Rather, the court's comments indicate that Rasor's assistance was sufficiently taken into account through an offense level reduction for acceptance of responsibility.

Accordingly, the district court's judgment is affirmed.